RICHARD D. JACKSON, APPELLEE AND CROSS-APPELLANT, v. JERALD E. CLEMENS AND CLEMENS MOBILE HOMES, INC., A DISSOLVED CORPORATION, APPELLANTS AND CROSS-APPELLEES.

345 N.W.2d 28

Filed March 2, 1984. No. 82-742.

James R. Hancock, for appellants.

Robert W. Mullin of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This action was instituted by appellee, Richard D. Jackson, against Jerald E. Clemens and Clemens Mobile Homes, Inc., a dissolved corporation (hereinafter corporation). Jackson's amended petition alleged that he and Clemens had entered into a written partnership agreement on August 1, 1973, for the

sale of scuba diving equipment and accessories; that the partnership had terminated on December 31, 1977; and that all income and disbursements from August 1973 to December 31, 1977, were transacted through the general account of the defendant corporation. The amended petition further alleged that the parties agreed to terminate the partnership on December 31, 1977; that Jackson left the scuba business in December of 1978 because of Clemens' refusal to account; and that Clemens had refused to allow Jackson to take any of the closing inventory of the partnership, and had retained such inventory in Clemens' possession. Jackson sought an accounting of all moneys and property received by Clemens and the corporation on behalf of the partnership.

Clemens and the corporation filed a joint answer and counterclaim alleging that Jackson and the corporation, rather than Clemens, had entered into the partnership described in the petition and that Clemens was "the majority stockholder of Clemens Mobile Homes, Inc., which is a corporation." Defendants' counterclaim alleged that the partnership was "wound-up" on September 31 [sic], 1978, and sought an accounting from Jackson for the profits of Jackson's wholly owned enterprise entitled "Fathom Diving," which defendants alleged was operated during the existence of the partnership and should have been a part of the partnership.

After trial to the court, the court found that the partnership was between Jackson and Clemens personally and that the partnership began on August 1, 1973, and terminated on December 31, 1978. The court made findings of fact and conclusions of law, found generally for Jackson and against Clemens, and set out in its order a generalized accounting between Jackson and Clemens during the time of the partnership. This accounting gave Clemens a credit, pursuant to the theory advanced in Clemens' counterclaim; entered judgment for Jackson and against Clemens in the amount of $27,991.57; and

further directed that a certain 1978 GMC van be sold and the proceeds divided equally between the partners.

Clemens and the corporation timely filed a joint notice of appeal. In their joint brief in this court, their basic argument is that the trial court erred in determining that the partnership existed between Jackson and Clemens rather than between Jackson and the corporation. In this connection we must assume, although Clemens and the corporation state in their joint answer that Clemens is a majority stockholder of the corporation, that in fact Clemens is the sole stockholder. Otherwise, counsel for appellants is in a blatant conflict of interest position between Clemens and the corporation, because one or the other was going to be helped financially by any decision in the case, to the detriment of the other. We therefore proceed in the assumption that Clemens is, in effect, also the corporation. This approach also gives some meaning to the form of appellants' remaining assignments of error.

The appellants' five remaining assignments of error may be summarized as follows: (1) That "the court erred in failing to find that [Jackson] . . . did not [sic] in bad faith convert the assets of the partnership to himself without the knowledge or consent of [the corporation]," and in failing to award the corporation damages against Jackson for that conversion; (2) That the court erred in failing to find for the corporation on accounting issues and in granting judgment in favor of Jackson against the corporation on the corporation's account; and (3) That the court erred in failing to discredit, as a matter of law, all testimony of Jackson.

Jackson cross-appeals, assigning as error the court's determination that the partnership terminated on December 31, 1978, rather than in 1977 and that the court erred in requiring Jackson to account to the partnership for $8,413.95 of net profit from Jackson's personal operations in 1977 and 1978. For

the reasons set out hereinafter we affirm the judgment of the trial court in its entirety.

We must first determine the scope of our review. All parties proceed as if the matter were one within the court's jurisdiction in equity, and we agree. In *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 124, 317 N.W.2d 900, 902 (1982), we stated, "Where . . . the intimate relationships of the parties are involved, an adequate remedy was available only within the equitable jurisdiction of the court."

In that situation, as stated further in *Philip G. Johnson & Co.* at 124-25, 317 N.W.2d at 902, "Accordingly, we review the record de novo and reach an independent conclusion without being influenced by the findings of the trial court, except, however, that where credible evidence is in conflict, we must give weight to the fact the trial court saw the witnesses and observed their demeanor while testifying. [Citations omitted.]"

The evidence as to the identity of the partners is clear. Jackson and Clemens each signed, as an individual, a typewritten 13-line agreement dated August 1, 1973. The first four lines of the agreement were: "This is to serve as an agreement between Richard Jackson and Jerald Clemens conducting business selling Scuba equipment and accessories. The above parties have agreed to enter into business and share the profits equally." During the pleading phase of the case, Clemens and the corporation were asked, by formal request for admissions filed by Jackson on September 2, 1981, to "[a]dmit that on the 1st day of August, 1973, plaintiff and defendant Jerald E. Clemens entered into a partnership by written agreement for the sale of scuba equipment and accessories." Clemens formally answered that request sometime in 1981 by the word "Admitted." This answer to request for admissions was signed by Clemens, under oath, as "the Defendant above named." No officer of the corporation separately signed the answer.

On March 15, 1982, apparently galvanized by the realization that the corporation was a dissolved corporation, defendants filed "Amended Answers to Requests for Admissions." In these amended answers, the answer to the request for admissions set out above was changed to read: "It is admitted that Jerald E. Clemens signed the partnership agreement, however, the partnership agreement was actually between Richard D. Jackson and Clemens Mobile Homes, Inc., and Jerald E. Clemens was signing in his representative capacity for the corporation not intending thereby to become personally involved in the partnership. The partnership was intended to be between Richard D. Jackson and Clemens Mobile Homes, Inc., through its President, Jerald E. Clemens. The former answer to the extent that it purports to show an individual obligation of Jerald E. Clemens is withdrawn." These amended answers were offered in evidence by defendants, but Jackson's objections to them were sustained. Clemens does not assign any error in this regard, but the amended answers are herein referred to only to show Clemens' changing position throughout this litigation.

Clemens testified that the corporation, and not Clemens, was the partner. The only evidence that even remotely supported that position was that the agreement was typed on stationery of the corporation. Our independent review of the facts leads to the inescapable conclusion that the partnership existed between Jackson and Clemens.

With regard to the accounting itself, the evidence is much less clear. Confusion is injected into the case by the fact that Clemens insisted that accounting matters of the partnership be handled within the corporation's books. Only Clemens could sign checks, and Clemens therefore controlled both accounting practices and disbursements. There were no separate partnership books of account.

Further confusion arises because of disagreement

between the partners in 1977. As part of the operation of the partnership, Jackson had organized field trips for scuba students, to give the students an opportunity to test their diving skills, in such places as California, the Cayman Islands, and San Salvador. The trips would be arranged by Jackson, deposits to transportation companies were made by the partnership, and the students would pay fees for the trips to the partnership. Jackson thought the trips were beneficial to the partnership because a percentage of transportation fares were paid to the partnership and the trips were an incentive to present and future students of the scuba school. Clemens thought otherwise, and that the primary purpose of the trips was to afford Jackson a vacation. In 1977 Clemens refused to write any more checks for such trips. Jackson took the position that the trips were profitable and beneficial to the partnership and should continue. In order to do so Jackson then established accounting procedures in a personal account of his own, called "Fathom Diving," for handling all funds in connection with the diving trips. In February of 1978 Jackson incorporated Fathom Diving School, Inc., and continued to handle all income and disbursements for diving trips through the new corporation. In early 1978 Clemens refused to sign checks to pay certain accounts owed by the partnership, and Jackson used his corporation, Fathom Diving School, Inc., to pay such accounts and to operate the scuba operation in other respects.

In late 1977 and early 1978, then, the partnership between Jackson and Clemens was being operated through two entirely different corporate accounts— partly as a division within Clemens Mobile Homes, Inc. (controlled solely by Clemens), and partly as Fathom Diving School, Inc. (controlled solely by Jackson). The same accountant was handling all accounting matters for each of the partners. No testimony was obtained from this accountant during the pretrial procedures as to any of these matters.

The accountant died before trial. Both Jackson and Clemens testified at length as to various accounting procedures, expenditures, and income as to the various legal entities involved. It is fair to say that the evidence is not only in conflict but in disarray. We have reviewed the record de novo, but in the situation as presented we must give weight to the trial court's findings, due to the fact that "the trial court saw the witnesses and observed their demeanor while testifying." *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 125, 317 N.W.2d 900, 902 (1982). We find the trial court, in the accounting phase of this case, has properly disposed of a tangled mass of evidence in a Herculean effort somewhat comparable to cleaning out the Augean stables.

Clemens' assignment of error concerning the alleged failure of the court to discredit all of Jackson's testimony as a matter of law is totally frivolous. This assignment can only be considered as responsive to the trial court's finding that much of Clemens' testimony was discredited as a matter of law, pursuant to *Momsen v. Nebraska Methodist Hospital*, 210 Neb. 45, 313 N.W.2d 208 (1981), because of changes in testimony given by Clemens in this case as compared with that presented by Clemens in a different lawsuit between these same parties.

In his cross-appeal Jackson alleges that the court erred in determining that the partnership terminated on December 31, 1978, rather than in 1977. The evidence showed that, although the two parties had disagreed in late 1977 as to the manner in which the affairs of the partnership had been conducted, neither of the partners had given the other the written notice required by the partnership agreement to terminate the partnership. Jackson continued to work during 1978 in various positions with Clemens in other operations, and also continued to run the scuba operation through Fathom Diving School, Inc. The trial court, in its accounting, properly required Jackson to account to Clemens for all profits made

by Fathom Diving School, Inc., in 1977 and 1978. That phase of the court's accounting satisfied the other of Clemens' assignments of error, and Jackson's complaint that such accounting was in error is without merit.

We conclude that the trial court correctly computed the accounting between the parties, and affirm the trial court's decree in all respects.

AFFIRMED.